United States District Court
Southern District of Texas

**ENTERED**

July 01, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| HENRRY CARDOSA LINARES, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00423 |
| | § | |
| MARKWAYNE MULLIN, ET AL.,[1] | § | |
|     Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal custody at the Rio Grande Processing Center in Texas. Before the Court is Petitioner's Original Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Request for Declaratory Injunctive Relief, (Dkt. No. 1), and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. No. 6).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by July 2, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by July 3, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Cuba, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in July 2022 and has remained continuously present in the country since then. (*See* Dkt. No. 1 at 5; Dkt. No. 6

---

[1] Markwayne Mullin is automatically substituted for Kristi Noem in this case under Federal Rule of Civil Procedure 25(d). Todd Blanche is automatically substituted for Pamela Bondi in this case under the same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

at 2).[2] Shortly after entering the United States, Petitioner was apprehended by immigration officials. (*See* Dkt. No. 6 at 2). He was subsequently released on an order of recognizance and served a Notice to Appear. (Dkt. No. 1 at 2; Dkt. No. 1-3 at 1–3; Dkt. No. 6 at 2). Respondents have not alleged that Petitioner has any criminal history. (*See* Dkt. No. 6 at 2).

On October 29, 2022, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal before the Immigration Court. (Dkt. No. 1-8 at 1). Petitioner was re-detained by ICE in November 2025. (Dkt. No. 6 at 2). An Immigration Judge ordered Petitioner removed on January 23, 2026, and Petitioner filed a timely appeal on February 9, 2026, which remains pending. (Dkt. No. 1-5 at 1).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas*

---

[2] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

*v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at \*4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner raises the following claims for relief: Violation of INA § 236(a), Fifth Amendment Due Process Violation, Unlawful Agency Action under the Administrative Procedure Act, and Violation of Bond Regulations. (Dkt. No 1 at 13, 15–16, 19). Petitioner argues that he has a strong liberty interest because he has resided in the United States for nearly four years and has established a life and robust community ties in the United States. Petitioner lives in Amarillo, Texas, where he is employed and supports his family. (Dkt. No. 1 at 6–7). Petitioner requests, among other things, that this Court issue a declaration that the plain language of INA § 236(a) permits immigration judges to consider bond requests of noncitizens present without admission and are not classified as aliens, issue a declaration that DHS may not initiate or pursue expedited removal against Petitioner while his Section 240 removal proceedings remains non-final and while he seeks relief from removal before an Immigration judge, issue a Writ of Habeas Corpus ordering Respondents to Release Petitioner, grant injunctive relief, and award attorney fees. (Dkt. No. 1 at 23).

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that his detention does not violate due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process. The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil

3 / 5

detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. Id. at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. Id. at 17.

The Court finds that the same reasoning applies to these facts, though Petitioner's length of presence in the United States is factually distinct from *Lopez Moncebais*. Petitioner has resided in the United States since 2022. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States since 2022 still creates a sufficient liberty interest to require that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

Additionally, the Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws of policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to his residence since 2022, that he would be free from detention or at least entitled to seek bond while his removal proceedings were pending. He was released from detention in July 2022 and spent nearly four years out of custody working and building strong community ties in Amarillo before he was re-detained in November 2025. (Dkt. No. 1 at 5–6). Respondents do not assert that Petitioner violated any conditions of his release. That expectation interest strengthens his liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No. 5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due

4 / 5

Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's First Amended Petition for Habeas Corpus and Temporary Restraining Order, (Dkt. No. 1) is **GRANTED in part and DENIED in part**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. No. 6) is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by July 2, 2026, at 5:00 p.m.,** under his prior conditions of release, and to submit a status report to the Court confirming Petitioner's release **by July 3, 2026, at 5:00 p.m**. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

All other relief requested by Petitioner, including attorney fees, is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on July 1, 2026.

_____
John A. Kazen
United States District Judge

5 / 5